IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RANDALL J. KEYSTONE, ) | |
|     Petitioner, ) | Civil Action No. 7:15cv00240 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DIRECTOR VA DOC, ) | United States District Judge |
|     Respondent. ) | |

**MEMORANDUM OPINION**

Petitioner Randall J. Keystone, a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Wise County Circuit Court in 2010. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. After reviewing the record, the court dismisses the petition as successive and, in the alternative, time barred.

I.

On March 9, 2010, the Wise County Circuit Court convicted Keystone of five counts of communicating a threat in writing, in violation of Virginia Code § 18.2-60, and sentenced him to a total of ten years' incarceration, with five years suspended. On August 2, 2010, Keystone filed a motion for delayed appeal to the Court of Appeals of Virginia, which denied the motion. Keystone then filed a habeas petition to the Supreme Court of Virginia, which dismissed it on July 27, 2011. Keystone filed his first § 2254 petition to this court on January 17, 2012, and the court dismissed it on the merits on August 29, 2012. *Keystone v. Director, D.O.C.*, No. 7:12cv00018, slip op. at 12 (W.D. Va. Aug. 29, 2012). More than a year later, on November 15, 2013, Keystone filed a second habeas petition to the Supreme Court of Virginia, which dismissed it on March 10, 2014, as untimely filed.

Keystone filed the instant, second § 2254 petition on May 18, 2015, alleging that trial counsel provided ineffective assistance in failing to communicate a plea offer. Keystone states that he learned of the plea offer after reviewing counsel's file and that he could not have discovered the instant claim until he read *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012), in January 2013.[1] The court conditionally filed the petition, advised Keystone that it appeared to be filed untimely, and provided him the opportunity to explain why the court should consider the petition timely filed. Keystone did not respond about the timeliness of his petition.

II.

Keystone's petition is an unauthorized, successive petition. Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the court may consider a second or successive § 2254 petition only upon specific authorization from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. 28 U.S.C. § 2244(b). "In the absence of pre-filing authorization [from the Fourth Circuit], the district court lacks jurisdiction to consider a [successive] application." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007). Keystone already filed a § 2254 petition challenging the same convictions and sentence, and he has not submitted any evidence that he has obtained authorization from the Fourth Circuit to file a successive petition.

Nevertheless, "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) (quoting 28 U.S.C. § 2244). A numerically second collateral attack petition should

---

[1] In *Frye*, the court held that a counsel's failure to inform a defendant of a plea offer before the offer lapses constitutes ineffective assistance in violation of the Sixth Amendment. *Frye*, 132 S. Ct. at 1408.

2

not be considered second or successive where "the facts relied on by the movant seeking resentencing did not exist when the numerically first [petition] was filed and adjudicated."[2] *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014).

The facts on which Keystone now relies existed when he filed his first § 2254 petition, and his instant petition is successive. Keystone states that he discovered the uncommunicated plea offer when he "obtained [his] attorney's file and found a letter" discussing the plea offer. Keystone does not state when he obtained counsel's file or when he discovered the letter. In support of his first § 2254 petition, however, Keystone provided the court with copies of multiple letters from counsel which indicate that counsel sent Keystone copies of the file on April 7 and November 16, 2010. *Keystone v. Director, D.O.C.*, No. 7:12cv00018, Docket No. 1-4, pp. 24-25 (W.D. Va. Jan 19, 2012). Therefore, the court finds that the facts now relied on existed and were discoverable at the time Keystone filed his first § 2254 petition. Thus, the instant petition is successive.[3]

III.

---

[2] Another example of a numerically second petition not being considered "second or successive" includes when a first petition is dismissed on technical grounds, such as failure to exhaust state remedies. *Williams*, 444 F.3d at 235 (citing *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) ("A habeas petition in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.")). In addition, a "new judgment intervening between the two habeas petitions" could also prevent a numerically second habeas petition from being classified as "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010); *In re Taylor*, 171 F.3d 185, 187-88 (4th Cir. 1999) (holding that petitioner's § 2255 motion was not "second or successive" because petitioner "expressly seeks to raise only those issues that originated at the time of his resentencing, after his first § 2255 petition had been granted"). Neither of these circumstances apply to the instant § 2254 petition because Keystone's first § 2254 petition was adjudicated on the merits and there was no new judgment intervening his two § 2254 petition.

[3] Keystone argues that he could not have discovered his claim until January 2013, when he read *Frye*. However, *Frye* is not a "new fact" and did not even create a new rule of constitutional law; instead, it merely applied *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985), to a particular set of circumstances, i.e., the obligation of defense counsel to advise a defendant of plea offers. *See Ortiz v. United States*, No. 12 Civ. 5236, 2012 U.S. Dist. LEXIS 159847, at *4-5, 2012 WL 5438938, at *2 (E.D.N.Y. Nov. 7, 2012) (collecting cases); *Frye*, 132 S. Ct. at 1405-06.

3

Even if Keystone's petition is not successive, it is nevertheless untimely filed. Habeas petitions filed under § 2254 are subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1).[4] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. *See Hill v. Braxton,* 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition may be dismissed by a federal district court after notice. *Hill*, 277 F.3d at 707.

Keystone alleges that his petition is timely filed under § 2244(d)(1)(D) because he did not discover *Frye* until January 2013, nearly ten months after it was published.[5] Even assuming that the factual predicate of Keystone's claims could not have been discovered through the exercise of due diligence until January 31, 2013, Keystone's petition is untimely filed.

If the limitations period began on January 31, 2013, as Keystone suggests, he had until January 31, 2014, to file a timely § 2254 petition. The one-year limitations period is tolled while a prisoner's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); *see Wall v. Kholi*, 562 U.S. 545, 559-60 (2011) (discussing proceedings that qualify as collateral review). Keystone filed a second state habeas petition on November 15, 2013. Because that second petition was dismissed as untimely filed, it was not

---

[4] The one-year period begins to run on the latest of four dates:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[5] Keystone did not argue timeliness under §§ 2244(d)(1)(A)-(C). Keystone's allegations do not support running the limitations period pursuant to §§ 2244(d)(1)(B) or (d)(1)(C), and the petition is untimely filed under § 2244(d)(1)(A).

4

"properly filed" to toll the limitations period.[6]  Keystone filed his second § 2254 petition on May 18, 2015, approximately 472 days after the purported limitations period would have expired.[7] Accordingly, Keystone's federal petition is time barred unless he demonstrates grounds for equitable tolling.

Equitable tolling is available only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (internal quotation marks omitted) (citing *Harris*, 209 F.3d at 330).  Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Despite being given the opportunity to argue the timeliness of his petition, Keystone does not allege any ground that warrants equitable tolling.  Keystone filed the instant petition after the limitations period expired, and he is not entitled to equitable tolling.  Therefore, his petition is dismissed.

Entered: January 20, 2016.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[6] "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citations omitted). In *Artuz*, the Supreme Court held that time limits on state petitions are "condition[s] to filing" and that an untimely petition would not be deemed "properly filed." *Id.* at 11.

[7] The court notes that even if it did toll the limitations period during the pendency of Keystone's second state habeas petition, his second § 2254 petition would still be untimely.  Approximately 288 days passed between the time Keystone alleges he discovered his claim on January 31, 2013, and the time he filed his second state habeas petition.  The Supreme Court of Virginia denied Keystone's second habeas petition on March 10, 2014, and another approximately 434 days (total of 722 days) passed before Keystone filed his second § 2254 petition.

5